IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Tony Lee Belton, #340217, | ) | C/A No.: 1:13-389-DCN-SVH |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | REPORT AND RECOMMENDATION |
| Dr. Joel Sexton; Dr. Janice Ross; | ) | |
| Margaret Hinds, Esquire, and Thomas | ) | |
| Scott, III, Esquire; are all being sued in | ) | |
| their individual and official capacity, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

Tony Lee Belton ("Plaintiff"), proceeding *pro se* and *in forma pauperis*, is an inmate incarcerated in the South Carolina Department of Corrections ("SCDC"). He brings this action pursuant to 42 U.S.C. § 1983 against doctors and attorneys related to criminal charges against him. Pursuant to the provisions of 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2)(d) (D.S.C.), the undersigned is authorized to review such complaints for relief and submit findings and recommendations to the district judge. For the reasons that follow, the undersigned recommends that the district judge dismiss the complaint in this case without prejudice and without issuance and service of process.

I.      Factual and Procedural Background

Plaintiff alleges that he was attacked by his cellmate on February 23, 2008 at the Orangeburg County Detention Center ("OCDC"), where he was being detained on a

charge of assault and battery with intent to kill ("ABWIK").[1] [Entry #1 at 3]. Plaintiff claims he defended himself against the cellmate's attack, and the cellmate was taken to the hospital where he died several days later. *Id*. Plaintiff was charged with involuntary manslaughter related to the incident, but alleges he was ultimately acquitted. *Id*. at 5.

Plaintiff alleges that the cellmate's death was initially determined by the deputy county coroner as a natural death, but that defendants Dr. Joel Sexton and Dr. janiceRoss "changed the opinionated manner of death to 'homicide'" without the consent of SLED or the deputy coroner. *Id*. at 4. Plaintiff alleges that Drs. Sexton's and Ross's actions harmed him by affecting the sentence he is currently serving. *Id*.

Plaintiff alleges that defendant Thomas Scott III committed prosecutorial misconduct when he told Judge Williams, the judge who presided over Plaintiff's bond hearing on his ABWIK charge, that Plaintiff had also been charged with manslaughter. *Id*. According to Plaintiff, no arrest warrant had been served at that time. *Id*. Plaintiff also alleges that his public defender, defendant Margaret Hinds, committed malpractice and fraud when she failed to object to Scott's alleged perjury and conspired with Scott to have Plaintiff "plead to manslaughter without service of a warrant." *Id*. Judge Williams sentenced Plaintiff on the ABWIK charge and Plaintiff alleges this was prejudicial because of Scott's previous references to the manslaughter charge while before Judge

---

[1] Plaintiff is currently serving a sentence for the ABWIK charge. *See* SCDC website, https://sword.doc.state.sc.us/scdc-public/ (enter SCDC ID number 340217) (last visited April 1, 2013); see also *Philips v. Pitt Cnty. Mem. Hosp.*, 572 F.3d 176, 180 (4th Cir.2009) (holding that courts "may properly take judicial notice of matters of public record").

2

Williams. *Id*. at 5. Plaintiff asks this court to award him compensatory and punitive damages from each defendant, to grant injunctive relief, and to issue a declaratory judgment. *Id*. at 6.

II.   Discussion

   A.   Standard of Review

Plaintiff filed his complaint pursuant to 28 U.S.C. § 1915, which permits an indigent litigant to commence an action in federal court without prepaying the administrative costs of proceeding with the lawsuit. To protect against possible abuses of this privilege, the statute allows a district court to dismiss the case upon a finding that the action fails to state a claim on which relief may be granted or is frivolous or malicious. 28 U.S.C. § 1915(e)(2)(B)(i), (ii). A finding of frivolity can be made where the complaint lacks an arguable basis either in law or in fact. *Denton v. Hernandez*, 504 U.S. 25, 31 (1992). A claim based on a meritless legal theory may be dismissed *sua sponte* under 28 U.S.C. § 1915(e)(2)(B). *See Neitzke v. Williams*, 490 U.S. 319, 327 (1989).

*Pro se* complaints are held to a less stringent standard than those drafted by attorneys. *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978). A federal court is charged with liberally construing a complaint filed by a *pro se* litigant to allow the development of a potentially meritorious case. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). When a federal court is evaluating a *pro se* complaint, the plaintiff's allegations are assumed to be true. *Fine v. City of N.Y.*, 529 F.2d 70, 74 (2d Cir. 1975). The mandated liberal construction afforded to *pro se* pleadings means that if the court can

3

reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so. Nevertheless, the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts that set forth a claim currently cognizable in a federal district court. *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 390–91 (4th Cir. 1990).

B.  Analysis

1.  Application of *Heck v. Humphrey*

To the extent Plaintiff claims the sentencing on his ABWIK charge was unconstitutional because of Scott's prior comments before the sentencing judge, his claim should be dismissed because Plaintiff has not shown that the ABWIK conviction has been invalidated. In *Heck v. Humphrey*, 512 U.S. 477 (1994), the United States Supreme Court held that in order to recover damages for imprisonment in violation of the Constitution, the legal basis for the imprisonment must first be successfully challenged.

> We hold that, in order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm whose unlawfulness would render a conviction or sentence invalid, . . . a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such a determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254. A claim for damages bearing that relationship to a conviction or sentence that has not been so invalidated is not cognizable under § 1983.

*Id.* at 486–87; *see also Edwards v. Balisock*, 520 U.S. 641 (1997) (finding that the preclusive rule of *Heck* extended to § 1983 claims challenging procedural deficiencies that necessarily imply the invalidity of the judgment). The *Heck* Court stated that "when a

state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated." *Heck*, 512 U.S. at 487. Here, a judgment in Plaintiff's favor in this civil action would imply that his ABWIK conviction was invalid due to Defendants' alleged material wrongdoing of Defendants. Because Plaintiff has not demonstrated or alleged that he successfully challenged the lawfulness of his ABWIK conviction, his claim that his constitutional rights were violated during hearings leading up to the ABWIK sentencing should be dismissed because a right of action has not accrued.

### 2.     Sexton and Ross

To state a claim under § 1983, a plaintiff must allege two essential elements:  (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988).  Plaintiff does not allege any facts showing that Drs. Sexton or Ross acted under color of state law in connection with their opinion about his cellmate's cause of death.  Purely private conduct, such as that alleged against Drs. Sexton and Ross, no matter how wrongful, injurious, fraudulent, or discriminatory, is not actionable under § 1983. *Burton v. Wilmington Parking Auth.*, 365 U.S. 715, 721 (1961). Whether a private individual's action or corporation's action rises to the level of state action necessarily depends on the relationship between the activity and the state. The

inquiry involves "whether there is a sufficiently close nexus between the State and the challenged action . . . so that the action of the latter may be fairly treated as that of the State itself." *Jackson v. Metro. Edison Co.*, 419 U.S. 345, 351 (1974). In *Blum v. Yaretsky*, 457 U.S. 991 (1982), the Court held that a state is responsible for private action only when it has exercised "coercive power" or has provided "significant encouragement" in the implementation of the action. *Id*. at 1004.

In the instant action, Plaintiff does not allege a nexus between Drs. Sexton's and Ross's actions and law enforcement officials or other state officials or employees that would support a claim of state action. In the absence of allegations showing these defendants to be state actors, Plaintiff's allegations fail to state a viable claim against them under § 1983.

### 3. Public Defender Hinds

Plaintiff has also failed to show that attorney Hinds, his court-appointed public defender, acted under the color of state law in connection with her legal representation. It is well-settled that a defense attorney, whether retained, court-appointed, or a public defender, does not act under color of state law. *See Deas v. Potts*, 547 F.2d 800 (4th Cir. 1976) (private attorney); *Hall v. Quillen*, 631 F.2d 1154, 1155–56 (4th Cir. 1980) (court-appointed attorney); *Polk County v. Dodson*, 454 U.S. 312, 317–24 (1981) (public defender). Thus, Plaintiff has not stated a plausible § 1983 claim against Hinds.

4.     Prosecutorial Immunity for Scott

Plaintiff has also failed to allege a plausible § 1983 claim against Attorney Scott. As a solicitor, Scott enjoys absolute prosecutorial immunity from claims brought pursuant to 42 U.S.C. § 1983. *Imbler v. Patchman*, 424 U.S. 409, 431 (1976) (holding that "in initiating a prosecution and in presenting the State's case, the prosecutor is immune from a civil suit for damages under § 1983."). The *Imbler* Court acknowledged the broadness of its holding as follows:

> To be sure, this immunity does leave the genuinely wronged defendant without civil redress against a prosecutor whose malicious or dishonest action deprives him of liberty. But the alternative of qualifying a prosecutor's immunity would disserve the broader public interest. It would prevent the vigorous and fearless performance of the prosecutor's duty that is essential to the proper functioning of the criminal justice system. Moreover, it often would prejudice defendants in criminal cases by skewing post-conviction judicial decisions that should be made with the sole purpose of insuring justice. With the issue thus framed, we find ourselves in agreement with Judge Learned Hand, who wrote of the prosecutor's immunity from actions for malicious prosecution:
>
> "As is so often the case, the answer must be found in a balance between the evils inevitable in either alternative. In this instance it has been thought in the end better to leave unredressed the wrongs done by dishonest officers than to subject those who try to do their duty to the constant dread of retaliation." *Gregoire v. Biddle*, 177 F.2d 579, 581 (2d Cir. 1949), *cert. denied*, 339 U.S. 949 (1950).

*Imbler* at 427–428. In delineating the boundaries of its holding, the *Imbler* Court distinguished between the absolute immunity a prosecutor enjoys in activities "intimately associated with the judicial phase of the criminal process" and the good-faith defense prosecutors have when engaging in certain investigative activities. *Id.* at 430. Plaintiff seeks to sue Scott for prosecutorial misconduct that is intimately associated with the

7

judicial phase of the criminal process. Therefore, Scott is not subject to suit pursuant to § 1983.

III.   Conclusion

For the foregoing reasons, it is recommended that this case be dismissed without prejudice and without issuance and service of process.

IT IS SO RECOMMENDED.

April 1, 2013                                              Shiva V. Hodges
Columbia, South Carolina                         United States Magistrate Judge

**The parties are directed to note the important information in the attached "Notice of Right to File Objections to Report and Recommendation."**

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Larry W. Propes, Clerk
> United States District Court
> 901 Richland Street
> Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).